UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SANG KIM and ROSA KIM, | No. 2:21-cv-00251-TLN-JDP |
| Plaintiffs, | |
| v. | **SUA SPONTE REMAND ORDER** |
| SONIA KRIETZ, | |
| Defendant. | |

    This matter is before the Court on Defendant Sonia Krietz's ("Defendant") Notice of Removal and Motion to Proceed in Forma Pauperis. (ECF Nos. 1–2.) For the reasons set forth below, Defendant's Motion to Proceed in Forma Pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS the action to the Superior Court of California, County of Sacramento, due to lack of subject matter jurisdiction.

///

///

///

///

///

///

///

1

### I.   FACTUAL AND PROCEDURAL BACKGROUND

On November 12, 2020, Plaintiffs Sang Kim and Rosa Kim (collectively, "Plaintiffs") brought an action for unlawful detainer against Defendant for possession of real property known as 140 Oak Rock Circle, Folsom, California 95630 (the "Property").  (ECF No. 1 at 8.)  On February 8, 2021, Defendant filed a Notice of Removal removing this unlawful detainer from the Sacramento County Superior Court.  (*See id.*)

### II.   STANDARD OF LAW

28 U.S.C. § 1441 permits the removal to federal court of any civil action over which "the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  "Removal is proper only if the court could have exercised jurisdiction over the action had it originally been filed in federal court."  *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).

Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper."  *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (per curiam).  Furthermore, "[i]f the district court at any time determines that it lacks subject matter jurisdiction over the removed action, it must remedy the improvident grant of removal by remanding the action to state court."  *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838, *as amended*, 387 F.3d 966 (9th Cir. 2004), *cert. denied* 544 U.S. 974 (2005).

Federal question jurisdiction is set forth in 28 U.S.C. § 1331.  *See* 28 U.S.C. § 1331.  The "presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."  *Caterpillar Inc.*, 482 U.S. at 386.  Federal question jurisdiction therefore cannot be based on a defense, counterclaim, cross-claim, or third-party claim raising a federal question.  *See Vaden v. Discover Bank*, 556 U.S. 49 (2009); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042–43 (9th Cir. 2009).

///

///

///

### III. ANALYSIS

Defendant removed this action on the basis of federal question jurisdiction. (ECF No. 1 at 2; ECF No. 1-1 at 1.) Defendant argues the CARES Act preempts state law regarding evictions and seems to suggest that Plaintiffs' Complaint raises a federal claim even though it contains only a single claim for unlawful detainer. (ECF No. 1 at 2–5.) The Court disagrees. The instant Complaint relies solely on California state law and does not state any claims under federal law. (*See* ECF No. 1 at 8.) Based on the well-pleaded complaint rule as articulated above, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc.*, 482 U.S. at 386. To the extent that Defendant asserts that the CARES Act somehow preempts California law or affects the outcome of this case, such an argument is part of Defendant's defense. For Plaintiffs' suit to "arise under" federal law, Plaintiffs' "statement of [their] own cause of action" must "show[] that it is based upon [federal law]." *See Vaden*, 556 U.S. at 60–62.

Because the Complaint indicates that the only cause of action is one for unlawful detainer, which arises solely under state law, this action does not arise under federal law. As there is no apparent grounds for federal jurisdiction, it is appropriate to remand this case, *sua sponte*, for lack of federal subject matter jurisdiction. *See United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 967 (9th Cir. 2004) ("[T]he district court ha[s] a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not.").

### IV. CONCLUSION

For the reasons stated above, Defendant's motion to proceed in forma pauperis (ECF No. 2) is DENIED as moot, and the Court hereby REMANDS this action to the Superior Court of California, County of Sacramento.

IT IS SO ORDERED.

DATED: February 10, 2021

Troy L. Nunley
United States District Judge